**UNITED STATES of America**

v.

**Mladen MITROVIC.**

**Criminal Action No. 1:12–CR–311–AT–JSA.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 9, 2012.

quate description of the subject matter of the    legal advice provided.

684

William G. Traynor, Office of United States Attorney, Atlanta, GA, for United States of America.

## *ORDER*

JUSTIN S. ANAND, United States Magistrate Judge.

This matter is before the Court on Defendant's Motion to Compel Discovery [14], Defendant's Motion to Suppress Statements [15], and Government's Motion to Exclude Time [16]. For the reasons described below, Defendant's Motion to Compel Discovery [14] is **DENIED.** Defendant's Motion to Suppress Statements [15] is **DEFERRED** to the District Judge. And the Government's Motion to Exclude Time [16] is **DENIED.**

### *Introduction*

The indictment charges Defendant with providing false and fraudulent information

in his Application for Naturalization in 2002. Indictment [1]. Specifically, Defendant allegedly lied in representing that he had never "(1) persecuted any person because of race, religion, national origin, membership in a particular social group, or political opinion; (2) given false or misleading information to any U.S. government official while applying for any immigration benefit; and (3) lied to any U.S. government official to gain entry or admission into the United States." *Id.* The indictment does not allege who Defendant persecuted or when, where and how he did so. Nor does the indictment allege what false information Defendant provided to U.S. government officials. However, according to the Government, "[a]t arraignment, the government provided defendant discovery materials, including redacted reports of investigation (ROIs) summarizing interviews with individuals who were victims of defendant's abuses at Trnopolje concentration camp [during the Bosnian–Serbian war] or who witnessed defendant abusing other victims." Response [19] at 1. The Government apparently redacted the identities and contact information of the witnesses who were interviewed. The Government also states that it produced unredacted statements and transcripts of testimony of three witnesses who testified as to the Defendant's alleged persecution of them at Trnopolje before the International Criminal Court for the Former Yugoslavia. *Id.* at 6.

Defendant does not seek a bill of particulars further detailing the charges against him. Indeed, he asserts that "it is not enough to provide a roadmap of the relevant time and place and the general nature of alleged conduct at issue." Reply [20] at 3. Rather, Defendant seeks to compel discovery pursuant to Fed.R.Crim.P. 16, and the Fifth and Sixth Amendments to the Constitution. Defendant seeks unredacted copies of all of the Government's ROIs that reveal the witness names and contact information. Defendant argues that this material is crucial to his ability to prepare for trial. The Government responds that law enforcement interview memoranda are not generally discoverable at all, that nothing in the criminal rules or the Jencks Act, 18 U.S.C. § 3500, entitles the Defendant to the identities and contact information of witnesses interviewed by the Government, and that the Defendant has no constitutional right to the identities of witnesses who may testify unfavorably to him. Nevertheless, the Government offers to provide full unredacted copies of the ROIs immediately pursuant to a counsel's eyes-only protective order, and to permit disclosure of witness names to the Defendant himself 15 days before trial.

The Court will approve the proposed protective order that allows at least defense counsel immediate access to unredacted ROIs. Otherwise, as discussed below, the Court agrees with the Government that the procedural and constitutional rules governing criminal discovery do not entitle Defendant to unredacted ROIs. These materials are not generally subject to pre-trial discovery at all pursuant to Rule 16, Fed.R.Crim.P. Defendant makes no showing that the redacted information is exculpatory and therefore subject to immediate production under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Defendant's Motion to Compel [14] is therefore **DENIED.**

The Government's Motion to Exclude Time [16] is also **DENIED,** both because it is premature and because it does not establish good cause for an exclusion of time.

### *Analysis*

### I. *Defendant's Motion To Compel*

#### A. Unredacted Interview Reports Are Not Discoverable Pursuant To Rule 16, Fed.R.Crim.P.

Pre-trial criminal discovery is governed by Rule 16, Fed.R.Crim.P. Among other things, Rule 16 specifically requires the Government to produce, upon the Defendant's request, certain written or recorded statements made by the Defendant, as well as summaries of any oral statements made by the Defendant in response to governmental interrogation. *See* Fed.R.Crim.P. 16(a)(1)(A)–(B). Rule 16 contains no similar provision expressly entitling a Defendant to written statements or summaries of oral statements made by witnesses.

Defendant points out that while Rule 16 does not expressly discuss witness state-

ments, it generally requires pre-trial production of documents "material to preparing a defense." Motion [14] at 2 (citing Fed. R.Crim.P. 16(a)(1)(E)(i)) [1]. Defendant argues that unredacted ROIs prepared by government agents to summarize oral witness interviews are "material" to his defense in this case and therefore must be produced. *Id.* However, Rule 16(a)(2) generally excludes these documents from pre-trial discovery: "Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in [the Jencks Act,] 18 U.S.C. § 3500."

■ Courts have made clear that investigative interview summaries are excluded from Rule 16 production by Rule 16(a)(2). *See United States v. Fort,* 472 F.3d 1106, 1118–1121 (9th Cir.2007); *see also United States v. Jordan,* 316 F.3d 1215, 1227 n. 17 (11th Cir.2003) (finding, albeit under prior version of Rule 16(a)(2), that the rule precludes a court from ordering production of investigative summaries of witness interviews as a matter of pre-trial Rule 16 discovery).

Instead, the production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2, Fed.R.Crim.P, which together provide that the Court may order production of a witness's statement only "after [the] witness .... has testified on direct examination." Fed.R.Crim.P. 26.2(a). Justice Frankfurter long ago stated that an agent's non-verbatim report summarizing oral statements by a witness are not subject to any earlier discovery than the Jencks Act permits as to the witness's own prior statements:

> The suggestion that the detailed statutory procedures restrict only the production of the type of statement described in subsection (e) [i.e., a witness's statements that are written or otherwise recorded verbatim], leaving all other statements, e.g., non-verbatim, non-contemporaneous records of oral statements, to be produced under pre-existing rules of procedure as if the statute had not been passed at all, flouts the whole history and purpose of the enactment. It would mock Congress to attribute to it an intention to surround the production of the carefully restricted and most trustworthy class of statements [i.e., a witness's written or recorded statements] with detailed procedural safeguards, while allowing more dubious and less reliable documents [i.e., non-verbatim summary reports] a more favored legal status, free from safeguards in the tournament of trials. To state such a construction demonstrates its irrationality; the authoritative legislative history precludes its acceptance.

*Palermo v. United States,* 360 U.S. 343, 349–350, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959).[2]

■ Thus, agent ROIs summarizing witness interviews are simply not required for pre-trial production by Rule 16. It follows that the Government's voluntary production of portions of those materials does not make the remainder discoverable. In other words, if Defendant was not entitled to production of the ROIs in the first place, he is similarly not entitled to unredacted copies of the ROIs. The Government is within its rights-and is often encouraged by the Courts-to furnish

---

1. This subsection requires the Government to produce, upon request, any "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."

2. The Eleventh Circuit has held that non-verbatim agent reports summarizing witness interviews are not even Jencks Act material at all, and therefore not required for disclosure even at trial, unless the statements are signed or adopted by the testifying witness. *Jordan,* 316 F.3d at 1255. Nevertheless, it is the practice of many U.S. Attorney's Offices to voluntarily produce such reports as if they were Jencks material. Of course, if the witness testifies contrary to what he or she previously said in an oral interview, the Government may then face constitutional obligations to disclose the prior contradictory statements.

more than what is strictly required by the discovery rules. Doing so does not necessarily entitle the Defendant to everything else that he might want to but is not entitled to see under the rules.

Defendant complains that the Government has "provided no justification for the redactions and cannot come up with any legitimate reasons—other than a generalized concern for the privacy of its witnesses or victims." Motion [14] at 3. The Court finds that the information proffered by the Government as to serious crimes of violence against witnesses are enough to justify redaction at this time. *See* Government's Response [19] at 6–9. In any event, the rules do not require the Government to make a particularized showing to justify not producing in pre-trial discovery witness statements or ROIs summarizing witness statements. Those are simply not discoverable before trial under Rule 16 whether or not the Government has specific reason to suspect witness intimidation.

### B. The Defendant Makes No Showing That He Is Entitled To Unredacted ROIs As A Matter of Due Process

The Defendant also generally cites the Fifth and Sixth Amendments in support of his demand for unredacted ROIs, although he provides little specific argument and no citations in that regard. *See* Motion to Compel [14] at 1; Reply [20] at 4.

■ "There is no general constitutional right to discovery in a criminal case[;] ... 'the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded.' " *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Of course, the Government has an absolute constitutional obligation to produce any material within its possession that is materially exculpatory or impeaching to a government witness. *See Brady*, 373 U.S. at 87, 83 S.Ct. 1194. If the redacted portions of the ROIs in this case contained such exculpatory information, the Government must disclose the information regardless of whether the ROIs were discoverable under Rule 16 and/or the Jencks Act. The Defendant, however, bears the burden to produce facts showing that the prosecution

has withheld documents materially helpful to the defense. *See United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990); *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir.1991). "[M]ere speculation or allegations that the prosecution possesses exculpatory information will not suffice....' " *Jordan*, 316 F.3d at 1252 n. 81.

■ By contrast, the Constitution does not require the Government to produce witness statements that are only *inculpatory*. *See, e.g., United States v. Boone*, 279 F.3d 163, 190 (3rd Cir.2002); *United States v. Willis*, 997 F.2d 407, 413–414 (8th Cir.1993); *United States ex rel. Knights v. Wolff*, 713 F.2d 240, 246 (7th Cir.1983). Relatedly, the Supreme Court has rejected the argument that the Constitution requires the prosecution to reveal the names of witnesses who will testify *unfavorably* to the defense. *See Weatherford*, 429 U.S. at 559–60, 97 S.Ct. 837 ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably.").

■ In his motion papers, Defendant does not allege, much less show with any specificity, that any of the ROIs he has received contain exculpatory information. Defendant fails to do so even though he has been furnished with the actual substance of the witness interview reports. Defendant does not explain how a witness's identity is itself exculpatory if the information provided by that witness is not. The Court thus finds that Defendant has made no showing that exculpatory information has been withheld.

Defendant suggests that he requires witness identities so that he can "investigate the credibility or bias" of the witnesses. Reply [20] at 4. To be sure, *Brady* requires the Government to disclose any information within its possession that materially impeaches any of its witnesses. *See Giglio v. United States*, 405 U.S. 150, 154–155, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). But as *Weatherford* makes clear, *Brady* does not require the Government to disclose all witness who may testify unfavorably so that the defense can

engage in a pre-trial impeachment investigation. *See* 429 U.S. at 559–60, 97 S.Ct. 837.

As Defendants fails to show that the redactions contain exculpatory material, all that remains is a demand that the Supreme Court has rejected: for the names of the witnesses who have supplied unfavorable testimony. This demand fails.[3]

### C. The Government's Offer To Produce Unredacted ROIs Pursuant To A Protective Order Is Reasonable

■ Notwithstanding the foregoing, the Government offers to produce the unredacted ROIs to counsel, pursuant to a protective order that restricts disclosure of witness names to the Defendant himself until 15 days prior to trial. *See* Response [19] at 7. In other words, the Government offers to produce material that it is not required to produce with the sole caveat that the production be restricted from the Defendant's eyes until closer to trial. In support, the Government explains that the case involves serious crimes of violence against victims, and that the Government could not control the Defendant's dissemination of victim/witness names back to Bosnia where "family and other supporters" could engage in intimidation. Response [19] at 6–9.

Defendant's Reply argues that this disclosure is "almost as unacceptable as refusing to disclose the information at all." Motion [20] at 2. But Defendant's Motion seemed to invite this exact solution. *See* Motion [14] at 3 ("In other cases, the government has agreed to enter into a consent protective order that provides unredacted discovery *to counsel* on the condition that the information not be unnecessarily disseminated ....") (emphasis added). In any event, the Court finds good cause to permit the Government to attach this restriction to its voluntary disclosure of

information that the Defendant is not entitled to receive now anyway.

The Government does not supply specific information demonstrating the existence of a real, present threat to any particular witness. But the threats that the Government generally describes are reasonably conceivable in a crime of violence such as this, particularly where some victims or witnesses may be beyond the jurisdiction of U.S. law enforcement. And the Government has proffered specific evidence of past acts of violence allegedly perpetrated by the Defendant on witnesses. Response [19] at 6. The Court finds this to constitute good cause under Rule 16(d), especially absent a specific showing of prejudice.[4] *See, e.g., United States v. Lee,* 374 F.3d 637, 652 (8th Cir.2004) (in a capital case, where the government is statutorily required to disclose its witnesses three days before trial, it was within the district court's discretion under Fed.R.Crim.P. 16(d) to permit such disclosure to counsel only); *United States v. Vaughn,* No. S–08–0052, 2008 WL 4615030, *3 (E.D.Cal. Oct. 17, 2008) (requiring pretrial disclosure of Government witnesses three weeks before trial, pursuant to an attorney's-eyes-only protective order).

But, more importantly, this is not a protective order that actually restricts the Defendant from accessing any information he would otherwise be entitled to receive in pretrial discovery. Thus, the Court is particularly inclined to permit this protective order, as it only *increases* the discovery that the defense is receiving. For all of these reasons the Court finds good cause pursuant to Rule 16(d) to enter the protective order proposed by the Government.

### II. *The Government Motion To Exclude Speedy Trial Time Is Denied*

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.,* generally requires a Defendant's trial to commence within seventy days from his ap-

---

3. The Court's rulings are limited to the discovery issues raised by Defendant's Motion [14]. Nothing in this Order suggests that the Court lacks the discretion to or would refuse to order the Government to disclose a witness list pre-trial. The Defendant has made clear that he is not asking for such relief in this Motion. Reply [20] at 3 ("Mr. Mitrovic is unconcerned with which witness the government intends to call at trial.... He is not asking for any 'witness list.' ").

Nor, as noted above, does the Defendant request a bill of particulars.

4. The defense offers no specific reason why the Defendant needs personal access to the witness names at this time. If a specific need arises to disclose a particular name to the Defendant earlier than 15 days, the defense is free to raise this concern with the Court.

pearance before a judicial officer of the court in which the charge is pending. *See* 18 U.S.C. § 3161(c)(1). However, the statute automatically excludes certain periods of time, and also excludes "any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(c)(7)(A).

The Government's Motion [16] does not ask the Court to continue any trial or other required dates. Rather, the Government only asks the Court to exclude 60 days from the calculation of Speedy Trial Act time. According to the Government:

> The Assistant United States Attorney who oversaw this case through the investigative and charging stages is currently on detail to another office. The undersigned received this case on October 10, 2012, the date of the originally scheduled pre-trial conference ... The undersigned moved the court to exclude sixty days from the Speedy Trial Act calculations in order to complete a review of the case file and determine whether it was necessary to provide additional discovery.

 at 2. The Defendant opposes the request [19], arguing that the Government's arguments do not establish good cause for delaying this case. Response [21].

The Court denies the Government's request.

 First, as a procedural matter, the Speedy Trial Act speaks of time excluded as a result of a *continuance* ordered by the Court. 18 U.S.C. § 3161(c)(7)(A). The Government supplies no authority to suggest that the Court can simply declare an amount of time to be excluded from Speedy Trial Act calculations that does not result from a continuance. The Government here is not asking for a continuance and indeed there is no trial date or other specific date pending to continue at this time. At a minimum, therefore, the Court views this request as premature. The Government can re-present its request at a time when there is a trial or other date that the Government wishes to continue.

Second, the Court agrees with the Defendant that there is no good cause to exclude sixty days to allow Government counsel "to complete a review of the case file and determine whether it was necessary to provide additional discovery." Motion [16] at 2. The Defendant correctly points out that, regardless of personnel turnover within the prosecutor's office, discovery should have been gathered and prepared for disclosure at the inception of the case. Response [21] at 1–2. The Court understands and appreciates current Government counsel's professional desire to have more time to be aware of all of the facts and circumstances. But the Court simply does not see this alone as good cause, in the face of an objection by the Defendant, to delay his case, at least for 60 days.

### Conclusion

Thus, the Court hereby **DENIES** Defendant's Motion To Compel Disclosure of Unredacted Discovery [14]; **DENIES** the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act, without prejudice to the parties making future requests to continue trial or other dates; and **DEFERS** Defendant's Motion to Suppress Statements [15] to the District Judge.

This case is certified **READY FOR TRIAL.**